\*\*NOT FOR PRINTED PUBLICATION\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIC WATKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv619 |
| ADMINISTRATOR STATCHER, ET AL. | § | |

ORDER OVERRULING OBJECTIONS AND ACCEPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Eric Watkins, proceeding *pro se*, filed the above-styled civil rights lawsuit pursuant to *Bivens v. Six Unknown Agents of Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971). The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge recommending this lawsuit be dismissed for failure to state a claim upon which relief may be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Plaintiff filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

The Magistrate Judge concluded that plaintiff's claims were barred by the applicable statute of limitations. In his objections. plaintiff contends the running of the period of limitations should have been tolled while he was exhausting his administrative remedies.

Plaintiff was incarcerated at the time of the actions complained of in this lawsuit. Pursuant to 42 U.S. § 1997e(a), prison inmates are required to exhaust available administrative remedies before filing a lawsuit in federal court. As a result of the exhaustion requirement, the running of the period of limitations is tolled while an inmate exhausts his administrative remedies. *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999).

However, plaintiff was released from prison before filing this lawsuit. At that point, he was no longer burdened by the statutory requirement that he exhaust administrative remedies before

**NOT FOR PRINTED PUBLICATION**

filing his lawsuit. Without tolling, the period of limitations applicable to this lawsuit expired, at the latest, on September 30, 2011, two years after the latest date on which plaintiff's claims could have accrued. As this lawsuit was not filed until November 14, 2011, the Magistrate Judge correctly concluded that this matter is barred by limitations.

In addition, for the reasons set forth below, plaintiff's claims fail to state a claim on the merits.

Plaintiff alleges that as a result of grievances he filed against prison officials, defendant Statcher and other defendants retaliated against him by tampering with his meals. He also contends defendants Upton, Maldonado and Watts improperly rejected administrative grievances he filed regarding the retaliation.

The United States Court of Appeals for the Fifth Circuit recently held that *Bivens* does not extend to claims of retaliation against prison officials. *Watkins v. Three Administrative Remedy Coordinators of Bureau of Prisons*, 981 F.3d 682, 685 (5th Cir. 2021). Moreover, prison inmates do not have a constitutionally protected liberty interest in having grievances considered or resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). As a result, plaintiff has failed to state a claim upon which relief may be granted.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered in accordance with the recommendation of the Magistrate Judge.

**SIGNED** this the 26 day of **July, 2021.**

_____
Thad Heartfield
United States District Judge